**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAMIEN PARKER, individually and | ) | |
| on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14 CV 5396 |
| | ) | |
| CATAMARAN, LLC, CATAMARAN | ) | |
| PBM OF ILLINOIS II, INC., and | ) | |
| AEROTEK, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, Damien Parker, individually and on behalf of all other persons similarly situated, known and unknown, through his attorneys, complains against Defendants Catamaran, LLC, Catamaran of Illinois II, Inc. (collectively, "Catamaran"), and Aerotek, Inc. ("Aerotek") (collectively, "Defendants"), as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"), for Defendants' failure to pay Plaintiff and other similarly situated persons all earned regular and overtime pay for all time worked.

2.     Defendants manage, control and operate customer service call centers within this judicial district and manage and control the telephone-based workers who are the putative class members in this lawsuit.

3.     Defendants knowingly required and/or permitted Plaintiff, who worked as a

telephone dedicated employee in the position of member service representative and other similarly situated telephone dedicated employees to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, and completing customer service calls.

4. In addition, Defendants were aware that Plaintiff and those similarly situated to him also performed work for Defendants on their break periods, including meal breaks, for which they were not paid. The work that Plaintiff and similarly situated employees performed during break periods includes, but is not limited to, logging back into the phone system, re-booting their computers and initializing software programs.

5. The amount of uncompensated time Plaintiff and those similarly situated to him spend or have spent on these required and unpaid work activities averages approximately fifteen to twenty minutes per day per person.

6. Plaintiff brings his FLSA overtime claims as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of telephone dedicated employees who worked outside of Illinois.

7. Plaintiff brings his IMWL overtime claims and IWPCA unpaid wage claims as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Illinois telephone dedicated employees.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over Plaintiff's FLSA claims in this action under 29 U.S.C. § 1331 and 29 U.S.C. § 216(b).

9. This Court has original jurisdiction over all class claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d) and, in the alternative, supplemental jurisdiction over all class claims in this action under 28 U.S.C. § 1367. This is a putative class action in which: (1) there are 100 or more members in the proposed class; (2) at least some

members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

## THE PARTIES

10.     Plaintiff Damian Parker is an individual who Defendants employed from approximately April 29, 2013 to approximately July 7, 2014 as an hourly, non-exempt member service representative in Defendants' call center in Lisle, Illinois.  Plaintiff Parker resides in and is domiciled within this judicial district.

11.     Defendant Catamaran, LLC is a Texas limited liability company qualified to do business in Illinois.  Catamaran, LLC is headquartered at 1600 McConnor Parkway, Schaumburg, Illinois.

12.     Defendant Catamaran PBM of Illinois II, Inc. is a for profit Illinois corporation. Catamaran PBM of Illinois II, Inc. is headquartered at 1600 McConnor Parkway, Schaumburg, Illinois.

13.     Defendant Catamaran was founded in 1993, and is a leading provider of pharmacy benefit management services and healthcare information technology solutions to the healthcare benefit management industry.

14.     Catamaran's customers include many of the largest organizations in the pharmaceutical supply chain, such as pharmacy benefit managers, managed care organizations, self-insured employer groups, unions, third-party health care plan administrators, and state and federal government entities.

15.     Aerotek, Inc. is a for profit Maryland corporation qualified to do business in Illinois.

16.     Aerotek works with companies, including Catamaran, that require large volume work forces.  Aerotek has employees and managers who work onsite at these companies, including at Catamaran's work sites where Plaintiff and the putative class members worked, and who assist and help manage a company's telephone dedicated staffing needs and who manage recruitment, selection, training, planning, retention and management reporting of those employees.

17.     During the class period, Aerotek provided Catamaran with staffing and in-house services related to the human resources processes, from worker recruitment and selection to introduction, planning and management of workers, including of the Plaintiff and similarly situated employees.

18.     During the class period, Catamaran employees traveled around the country to provide training to new employees, including Aerotek and Catamaran employees such as Plaintiff and the putative class members, who had been hired to work for Catamaran as telephone dedicated employees.

19.     Aerotek issued paychecks to Plaintiff and certain of the similarly situated employees.

20.     Defendants employed Plaintiff and other similarly situated persons as "employees," as that term is defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e), Section 3(d) of the IMWL, 820 ILCS § 105/3(d), and Section 2 of the IWPCA, 820 ILCS § 115/2.

21.     At all relevant times, each Defendant was an "employer" of Plaintiff and other similarly situated persons, as that term is defined by Section 203(d) of the FLSA, 29 U.S.C. § 203(d), Section 3(c) of the IMWL, 820 ILCS § 105/3(c), and Section 2 of the IWPCA, 820 ILCS § 115/2.

## FACTUAL ALLEGATIONS

22.     Catamaran operates and has operated "call centers" in Illinois and across the nation where telephone dedicated employees similar to Plaintiff handle calls with respect to the pharmacy benefit management services and healthcare information technology solutions offered by Catamaran to its customers.

23.     At the Lisle, Illinois call center where Plaintiff Parker worked, both Catamaran and Aerotek had managers on the floor of the call center, managing the work activities of the Plaintiff and other similarly situated persons.

24.     Defendants knowingly required and/or permitted Plaintiff and those similarly situated to him to perform unpaid work before and after the start and end times of their shifts, including but not limited to booting up computers, initializing several software programs, and completing customer service calls.

25.     In addition, Defendants were aware that Plaintiff and those similarly situated to him also performed work for Defendants on their break periods, for which they were not paid. The work that Plaintiff and similarly situated employees performed during break periods includes, but is not limited to, completing customer orders, finishing customer service calls, logging back into the phone system, re-booting their computers and initializing software programs.

26.     The amount of uncompensated time Plaintiff and those similarly situated to him spend or have spent on these required and unpaid work activities averages approximately fifteen to twenty minutes per day per person.

27.     The three Defendants jointly and collectively monitored and directed the work activities of Plaintiff and other similarly situated persons, including the unpaid work at issue.

28.     Plaintiff and other similarly situated persons submitted their timesheets to

Defendants' managers for review and prior to receiving their paychecks. These timesheets were reviewed and approved by employees of both Catamaran and Aerotek.

29.     When Plaintiff and other similarly situated telephone dedicated employees are at work at Catamaran's call centers, there is no way to tell the difference between direct hires of Catamaran and other telephone dedicated workers who are placed at the call center through Aerotek.

30.     Prior to starting work on the call center floor, Plaintiff and other similarly situated persons were interview by employees and managers of both Catamaran and Aerotek.

31.     Defendants have an agreement to share the services of Plaintiff and similarly situated persons and both Catamaran and Aerotek earn revenue and profits from the services of Plaintiff and other similarly situated telephone dedicated employees.

32.     For workers placed at Catamaran's call centers via Aerotek, both Catamaran and Aerotek had the power to hire and fire Plaintiff and other persons similarly situated, with Catamaran having ultimate approval as to whether a person works in its call centers.

33.     For workers placed at Catamaran's call centers via Aerotek, both Catamaran and Aerotek supervised and controlled the work schedule of Plaintiff and other similarly situated persons.

34.     For workers placed at Catamaran's call centers via Aerotek, Catamaran and Aerotek jointly determined the rate of pay for Plaintiff other similarly situated persons.

35.     For Plaintiff and certain of the workers placed at Catamaran call centers via Aerotek, Aerotek issued paychecks, and all Defendants were involved in determining the actual amount of compensation paid by the paycheck.

## DEFENDANTS' FAILURE TO PAY REGULAR
## AND/OR OVERTIME WAGES TO THEIR HOURLY EMPLOYEES

36.     Plaintiff and those employees similarly situated are individuals who were, or are, employed by Defendants in customer service, sales, and similar positions at Defendants' call centers who were not paid for some or all of their work activities prior to the beginning of their shifts, or after the end of their shifts, or both.

37.     Plaintiff and the other employees are similarly situated to one another because their duties consisted primarily of providing services related to selling pharmacy benefit management services and healthcare information technology solutions offered by Catamaran to its customers while working in Defendants' call centers.  Plaintiff and others similarly situated all shared similar policies, job titles, job descriptions, training, job duties and compensation, among other things.

38.     Plaintiff and the other employees are also similar because Defendants did not pay them for all time they actually worked.  Defendants knowingly required Plaintiff and the similarly situated individuals to perform unpaid work before and after their scheduled shifts, including but not limited to booting-up computers, initializing several software programs, and completing customer service calls.  Additionally, Defendants were aware that Plaintiff and those similarly situated to him also performed work for Defendants on their break periods, for which they were not paid.

39.     The net effect of Defendants' policies and practices, instituted and approved by company managers, is that Defendants willfully failed to pay regular and overtime compensation to Plaintiff and others similarly situated, and willfully failed to keep accurate time records to save payroll costs.  Defendants thus enjoyed ill-gained profits at the expense of their hourly employees.

40.     Plaintiff and others similarly situated at times work or worked in excess of forty hours per week for Defendants in a given workweek.

41.     Defendants' policy and practice of requiring and/or permitting their employees, including Plaintiff and other non-exempt, hourly employees, to perform work without pay for such work performed, violates Section 6 of the FLSA, 29 U.S.C. § 206, Section 4 of the IMWL, 820 ILCS § 105/4, and Section 4 of the IWPCA, 820 ILCS § 115/4.

42.     Defendants' policy and practice of requiring their employees to perform work without pay in many instances has caused and continues to cause Plaintiff and certain other similarly situated hourly employees to work in excess of forty hours per week, without being properly compensated at a wage of 1.5 times their respective hourly rate for such work performed, as required by Section 7 of the FLSA, 29 U.S.C. § 207, and Section 4a of the IMWL, 820 ILCS § 105/4a.

43.     Defendants' failure to compensate their non-exempt, hourly call center employees with the full amount of the applicable regular wage or overtime wage has caused Plaintiff and other similarly situated non-exempt call center employees to suffer harm.

44.     Defendants' non-exempt, call center hourly employees are entitled to compensation for all time they worked without pay in any given workweek.

## COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff brings Count I of this Complaint as a collective action on behalf of himself and all other current and former hourly employees of Defendants who Defendants required to perform the work described herein without pay.

46.     Plaintiff's Counsel seek to send notice of this lawsuit to the following described persons:

> All persons who worked for Defendants as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis throughout the United States at any time between July 15, 2011 and the present who did not receive the full amount of overtime wages earned and owed to them.

47.     There are questions of law or fact common to the employees described in paragraph 46.

48.     Plaintiff is similarly situated to the employees described in paragraph 46, as Plaintiff's claims are typical of the claims of those persons.

49.     Plaintiff's claims or defenses are typical of the claims or defenses of the persons described in paragraph 46.

50.     This is not a collusive or friendly action.   Plaintiff has retained counsel experienced in complex employment litigation, and Plaintiff and his counsel will fairly and adequately protect the interests of the persons described in paragraph 46.

51.     A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

52.     At all relevant times, Defendants employed Plaintiff and the persons described in paragraph 46.

53.     At all relevant times, Defendants paid Plaintiff and the persons described in paragraph 46 to work.

54.     At all relevant times, each Defendant has been an "employer" of Plaintiff and the persons described in paragraph 46, as the term "employer" is defined by Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

55.     At all relevant times, Plaintiff and the persons described in paragraph 46 have been "employees" of Defendants as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## CLASS ACTION ALLEGATIONS

56.     Plaintiff brings Counts II and III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all other current and former hourly employees of Defendants who Defendants required to perform the work described herein without pay.

57.     With respect to Plaintiff's IMWL claims, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who worked for Defendants as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between July 15, 2011 and the present who did not receive the full amount of overtime wages earned and owed to them (the "IMWL Class").

58.     With respect to Plaintiff's IWPCA claim, Plaintiff seeks to represent a class that is comprised of and defined as:

> All persons who worked for Defendants as telephone dedicated employees, however titled, who were compensated, in part or in full, on an hourly basis in Illinois at any time between July 15, 2004 and the present who did not receive the full amount of wages earned and owed to them (herein the "IWPCA Class").

59.     This action is being brought as a class action pursuant to Fed. R. Civ. P. 23, because the IMWL Class and IWPCA Class are so numerous that joinder of all class members is impracticable.

60.     Plaintiff and the members of the IMWL and IWPCA Classes have been equally affected by Defendants' practice of not compensating employees for all time worked.

61.     Plaintiff and the members of the IMWL and IWPCA Classes have been equally affected by Defendants' failure to pay all earned wages to Plaintiff and the class members.

62.     Furthermore, members of the IMWL and IWPCA Classes still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

63.     The issues involved in this lawsuit present common questions of law and fact; these common questions of law and fact predominate over the variations that may exist between members of the Classes, if any.

64.     Plaintiff and the members of the IMWL and IWPCA Classes, as well as Defendants, have a commonality of interest in the subject matter and the remedy sought.

65.     Plaintiff is able to fairly and adequately represent and protect the interests of the members of the IMWL and IWPCA Classes.  Plaintiff's Counsel are competent and experienced in litigating large wage and hour and other employment class actions.

66.     If individual actions were required to be brought by each member of the Classes injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the IMWL and IWPCA Classes, to the Court, and to Defendants.  Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Classes are entitled.

67.     Plaintiff has retained counsel experienced in complex employment litigation and in class action litigation.

68.     Plaintiff and his counsel will fairly and adequately protect the interest of both classes.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

69.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 55 as paragraph 69 of this Count I.

70.     Plaintiff, individually and on behalf and the members of the class described in paragraph 46, asserts claims for unpaid overtime pursuant to the FLSA.

71.     At any and all times relevant hereto, each Defendant was an "enterprise engaged in commerce" within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s).

72.     At any and all times relevant hereto, each Defendant was an "employer" of the Plaintiff and the members of the class described in paragraph 46 within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

73.     At any and all times relevant hereto, Plaintiff and the members of the class described in paragraph 46 were "employees" of Defendants as defined by Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

74.     Plaintiff and the members of the class described in paragraph 46 were not paid for all time worked in excess of 40 hours in a week during the applicable statutory time period, in violation of the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

75.     At all times relevant hereto, Defendants' failure to pay Plaintiff and the members of the class described in paragraph 46 premium pay for all time worked over 40 hours in a week was willful in that, among other things:

    a.  Defendants knew that the FLSA required them to pay time and one-half for all time worked over 40 hours in a week;

    b.  Defendants failed to maintain true and accurate time records; and

    c.  Defendants encouraged Plaintiff and other similarly situated employees to not record all time worked.

76.     As a direct and proximate result thereof, Plaintiff and the members of the class described in paragraph 46 are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against Defendants and in favor of Plaintiff and all

others similarly situated, for a sum that will properly, adequately and completely compensate them for the nature, extent and duration of their damages, the costs of this action and as follows:

A.    Certify the class described in paragraph 46, and grant Plaintiff's counsel leave to send notice of this lawsuit to the members of the class and allow them the opportunity to opt-in as party plaintiffs pursuant to Section 16 of the FLSA, 29 U.S.C. § 216;

B.    Declare and find that the Defendants committed one or more of the following acts:

    i.    Violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs; and

    ii.    Willfully violated provisions of the FLSA for Plaintiff and all persons who opt-in as party plaintiffs.

C.    Award compensatory damages, including all wages and overtime pay owed, in an amount according to proof;

D.    Award liquidated damages on all wages and overtime compensation due to Plaintiff and all persons who opt-in as party plaintiffs;

E.    Award all costs and reasonable attorneys' fees incurred prosecuting this claim;

F.    Grant leave to amend to add claims under applicable state and federal laws to conform with the proofs at trial;

G.    Grant leave to add additional plaintiffs by motion or any other method approved by the Court to conform with the proofs at trial; and

H.    Grant such further relief as the Court deems just and equitable.

<u>**COUNT II**</u>
**Violation of the Illinois Minimum Wage Law**
**(Class Action)**

77.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 44 and 56 through 68 as paragraph 77 of this Count II, as if fully set forth herein.

78.     This Court has original jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1332(d) and, in the alternative, supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

79.     The matters set forth in this Count II arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS § 105/4a.  Plaintiff brings this action on his own behalf and on behalf of the members of the IMWL Class pursuant to 820 ILCS § 105/12(a).

80.     Defendants employed Plaintiff and other similarly situated admissions representatives as "employees," as the term "employer" is defined Section 3(d) of the IMWL, 820 ILCS § 105/3(d), and Section 2 of the IWPCA, 820 ILCS § 115/2.

81.     At all relevant times, each Defendant was an "employer" of Plaintiff and other similarly situated admissions representatives, as the term "employer" is defined by Section 3(c) of the IMWL, 820 ILCS § 105/3(c), and Section 2 of the IWPCA, 820 ILCS § 115/2.

82.     Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff and the members of the IMWL Class worked in excess of forty (40) hours, Plaintiff and members of the IMWL Class were entitled to be compensated at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

83.     Defendants did not pay Plaintiff and members of the IMWL Class one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per

week.

84.    Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff and the members of the IMWL Class at one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours per week.

85.    Pursuant to 820 ILCS § 105/12(a), Plaintiff and the members of the IMWL Class are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff and the members of the IMWL Class pray for a judgment against Defendants as follows:

(A)    That the Court determine that this action may be maintained as a class action:

(B)    A judgment in the amount of one and one-half times Plaintiff's and the members of the IMWL Class' regular rate for all time they worked in excess of forty (40) hours per week;

(C)    Statutory damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

(D)    Reasonable attorneys' fees and costs incurred in filing this action; and

(E)    Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act
### (Class Action)

86.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 44 and 56 through 68 as paragraph 86 of this Count III as if fully set forth herein.

87.    This count arises under the IWPCA, 820 ILCS § 115/1 *et seq.* for Defendants' failure and refusal to pay Plaintiff and the members of the IWPCA Class all their wages earned, including incentive payments, at the rates agreed to by the parties.

88.    During the course of his employment with Defendants, Plaintiff was not

compensated for all time worked in certain work weeks.

89.     Other members of the IWPCA Class were similarly not compensated for all time worked in certain work weeks.

90.     Plaintiff and the members of the IWPCA Class were entitled to be compensated for all time they worked at the rate agreed to by the parties.

91.     Defendants' failure to pay Plaintiff and the members of the IWPCA Class members for all their wages earned, including incentive payments, at the rates agreed to by the parties violated the IWPCA.

92.     Plaintiff represents all current and former employees of Defendants who have not been paid for all their wages earned, including incentive payments, at the rates agreed to by the parties in the past ten (10) years, through and including the present.

WHEREFORE, Plaintiff and the members of the IWPCA Class pray for a judgment against Defendants as follows:

A. That the Court determine that this Count III may be maintained as a class action;

B. A judgment in the amount of all back wages due, as provided by the Illinois Wage Payment and Collection Act;

C. Statutory damages pursuant to the formula set forth in 820 ILCS § 115/14(a);

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

Dated:  July 15, 2014

Respectfully submitted,

/s/ James X. Bormes
One of Plaintiff's attorneys

James X. Bormes

Thomas M. Ryan

Catherine P. Sons

Law Office of Thomas M. Ryan, P.C.

Law Office of James X. Bormes, P.C.

35 East Wacker Drive

8 South Michigan Avenue

Suite 650

Suite 2600

Chicago, Illinois  60601

Chicago, Illinois  60603

(312) 726-3400

(312) 201-0575